**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| D.G.R., | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO.: 7:26-cv-239 (WLS-ALS) |
| | : | |
| v. | : | |
| | : | |
| Warden, IRWIN COUNTY DETENTION CENTER, *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | |

**ORDER FOR DISMISSAL**

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. Pet. (August 20, 2026), ECF No. 1. On August 21, 2026, the Court ordered Respondents to provide petitioner with a bond hearing to determine if Petitioner may be released on bond under 8 U.S.C. § 1226(a)(2) and the applicable regulations. Order (August 21, 2026), ECF No. 3. In that same order, Petitioner was directed: "[o]nce a bond hearing is provided, Petitioner will have received the remedy that the Court is authorized to order, and Petitioner should file a notice of dismissal." *Id.* When Petitioner failed to respond to the Court's order, the Court then ordered Petitioner to "either file a notice of dismissal or respond and show cause within (7) days why this action should not be dismissed as moot and judgment entered." Order (September 24, 2026), ECF No. 5. Petitioner again failed to respond to the Court's order.

Given a lack of response from Petitioner, the Court presumes Petitioner received a bond hearing as ordered by the Court, rendering this petition moot. Therefore, this case is dismissed without prejudice.

**SO ORDERED**, this 20th day of October, 2026.

W. Louis Sands

**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**